BLD-192
                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1306
_____

In re: CHERYL LUCRETIA SPRINGS,
Debtor

CHERYL LUCRETIA SPRINGS,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 13-cv-00156)
District Judge: Honorable Sue L. Robinson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013

Before: SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 1, 2013)
_____

OPINION
_____

PER CURIAM

In June 2012, the Appellant, Cheryl Lucretia Springs, filed for protection under

Chapter 7 of the United States Bankruptcy Code. During the course of the bankruptcy

proceedings, Springs's landlord requested relief from the automatic stay in order to commence eviction proceedings against her in state court. The Bankruptcy Court granted the landlord's motion. In December 2012, the Bankruptcy Court dismissed Springs's Chapter 7 case. She did not appeal from the order.

Approximately two weeks later, in January 2013, Springs filed a second Chapter 7 case. Following a hearing, the Bankruptcy Court dismissed this second case on the ground that, inter alia, "the sole purpose behind commencing this case was to hinder and frustrate the exercise of the Landlord's legal remedies." Springs appealed this order to the United States District Court for the District of Delaware.

While the appeal was pending in the District Court, Springs filed an emergency motion to stay the eviction proceedings, arguing that she and her family had nowhere else to live. The District Court denied Springs's motion on the grounds that she had not provided any information about the status of the eviction proceedings, and had not demonstrated that she would prevail on the merits of her appeal. Springs now appeals from the District Court's order.[1]

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1292(a)(1) and 158(d)(1).

The District Court considered the following factors to determine whether to issue a stay in this case: (1) whether Springs made a strong showing that she was likely to succeed on the merits of her appeal; (2) whether she would be irreparably injured absent a stay; (3) whether issuance of the stay would substantially injure the other parties; and (4) where the public interest lies.  See Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).  We agree with the District Court that these factors weighed against granting a stay.  While Springs stated in her motion that the Bankruptcy Court's underlying decision to dismiss her second Chapter 7 case was "harsh," she did not point to any specific error in that decision.  In fact, she did not challenge any of the Bankruptcy Court's findings of fact or conclusions of law.  Furthermore, she did not provide the District Court with any information about the status of the state court eviction proceedings, or indicate whether any legal remedies were available to her there.  Under these circumstances, the District Court did not err in denying her request for a stay.

In the document that Springs filed in support of her appeal, she asks this Court to "reopen" and "discharge" her bankruptcy case.  We note, however, that her appeal from the Bankruptcy Court's ruling is still pending in the District Court, and the only matter presently before us is the District Court's order denying her motion to stay the eviction proceedings.  Therefore, we will not consider her request.

3

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal. Accordingly, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.